UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff(s),<br><br>v.<br><br>FLYING FROG AVENUE TRUST, et al., et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1933 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Prof-2013-S3 Legal Title Trust V's ("plaintiff") motion for summary judgment. (ECF No. 46). Defendants Red Rock Financial Services, LLC ("Red Rock") and Flying Frog Avenue Trust ("Flying Frog") filed separate responses (ECF Nos. 52, 54), to which plaintiff replied (ECF No. 57).

Also before the court is Flying Frog's motion for summary judgment. (ECF No. 45). Plaintiff filed a response (ECF No. 55), to which Flying Frog replied (ECF No. 56).

Also before the court is Red Rock's motion to dismiss. (ECF No. 19). Plaintiff filed a response (ECF No. 26), to which Red Rock replied (ECF No. 28).

Lastly before the court is Flying Frog's motion to dismiss. (ECF No. 21). Plaintiff filed a response (ECF No. 25), to which Flying Frog replied (ECF No. 27).

**I.     Facts**

This action arises from a dispute over real property located at 8970 Flying Frog Avenue, Las Vegas, Nevada ("the property"). (ECF No. 15).

Michael Moyer ("Moyer") purchased the property on or about July 31, 2008. (ECF No. 15-1). Moyer financed his purchase of the property with a loan in the amount of $164,607.00 from Taylor, Bean & Whitaker Mortgage Corp. ("TBWM"). (ECF No. 15-2). TBWM secured the loan with a deed of trust, which names itself as the lender, Noble Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.* On September 8, 2010, a corporate assignment of the deed of trust was recorded in which MERS, as nominee for the lender, assigned all beneficial interest in the deed of trust to BAC Home Loans Servicing, LP ("BAC"). (ECF No. 15-3).

On June 6, 2011, Venezia Community Association ("the HOA") recorded a notice of delinquent assessment ("HOA lien") against the property for Moyer's failure to pay the HOA its dues in the amount of $4,070.09. (ECF No. 15-8). On July 26, 2011, the HOA recorded a notice of default and election to sell pursuant to the lien for delinquent assessments against the property, stating that the amount due as of July 21, 2011 was $2,531.40. (ECF No. 15-9). The HOA mailed a copy of the notice to all interested parties, including BAC. (ECF No. 45-8).

On or about August 17, 2011, Bank of America, N.A. ("BANA"), as successor by merger to BAC, through prior counsel Miles, Bauer, Bergstrom & Winters, LLP ("MBBW"), sent correspondence to the HOA trustee, Red Rock, requesting superpriority pay-off information. (ECF No. 15-10). On or about August 30, 2011, Red Rock sent MBBW an accounting ledger for the property. (ECF No. 15-11). On or about September 16, 2011, MBBW tendered a cashier's check in the amount of $450.00 to Red Rock, purporting to pay off the superpriority portion of the HOA lien. (ECF No. 15-12). Red Rock elected not to accept or endorse the cashier's check. (ECF No. 52 at 4).

On September 10, 2012, the foreclosure agent recorded a notice of foreclosure sale. (ECF No. 45-9). The foreclosure agent mailed a copy of the notice to all interested parties, including BAC. (ECF No. 45-10). On February 4, 2013, defendant Flying Frog appeared at the non-judicial foreclosure sale ("HOA sale") and purchased the property for $6,002.00. (ECF No. 15-14). Red Rock recorded the deed upon sale on February 14, 2013. *Id.*

On December 15, 2016, plaintiff acquired all beneficial interest in the deed of trust as legal title trustee via an assignment, which plaintiff recorded with the Clark County recorder's office.[1] (ECF No. 15-7).

## II. Legal Standard

*a. Motion to dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

---

[1] Prior to plaintiff acquiring all beneficial interest in the trust, the deed of trust was assigned to several other institutions, none of which are parties to this case, and none of which maintains any current interest in the property.

James C. Mahan
U.S. District Judge

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

   b. *Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

## III. Discussion

On July 14, 2017, plaintiff initiated this action against defendants Flying Frog, Red Rock, and the HOA. (ECF No. 1). In its amended complaint, plaintiff raises nine causes of action: (1) quiet title/declaratory relief; (2) violation of plaintiff's Fifth and Fourteenth Amendment right to due process; (3) quiet title pursuant to the Fifth and Fourteenth Amendments; (4) permanent and preliminary injunction against the buyer; (5) unjust enrichment; (6) wrongful/defective foreclosure; (7) negligence against the HOA and HOA trustee; (8) negligence per se against the HOA and HOA trustee; and (9) misrepresentation versus the HOA and HOA trustee. (ECF No. 15).

As a preliminary matter, negligence per se, declaratory relief, and requests for preliminary injunction are not cognizable legal claims under Nevada law.

"Although sometimes pled as such, negligence per se is not a separate cause of action, but a doctrine in which the duty and breach elements of a negligence claim are assumed as a matter of law." *Insco v. Aetna Health & Life Ins. Co.*, 673 F.Supp.2d 1180, 1191 (D.Nev.2009).

Similarly, declaratory relief is a remedy, and is not recognized as a cause of action in Nevada. Lastly, requests for preliminary injunction are simply prayers for additional pre-judgment remedies based on the other, substantive-law claims. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Accordingly, the court will dismiss plaintiff's second, fourth, and eighth causes of action.

### a. Defendant Red Rock's motion to dismiss

In Red Rock's motion to dismiss, Red Rock argues that plaintiff's claims for unjust enrichment, wrongful foreclosure, negligence, and misrepresentation are time-barred by their respective statutes of limitations. (ECF No. 19 at 5). Red Rock correctly argues that plaintiff's claims accrued when the foreclosure sale took place. (ECF No. 19 at 5). *See Bank of New York Mellon v. Traccia Cmty. Ass'n*, No. 2:17-cv-1802-JCM-CWH, 2018 WL 1459127, at *4 (D. Nev. Mar. 23, 2018) ("Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. . . The foreclosure sale took place on January 18, 2013. Plaintiff brought this lawsuit less than five years later . . . Accordingly, plaintiff's quiet title claim is not barred by the applicable

statute of limitations."); *Bank of New York Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-1167-RCJ-CWH, 2016 WL 4487841, at *2-3 (D. Nev. Aug. 24, 2016).

Accordingly, plaintiff's claims accrued on February 4, 2013. (ECF No. 15-14). Plaintiff initiated this action just over four years later, on July 14, 2017. (ECF No. 1). The court will now address whether plaintiff's fifth, sixth, seventh, and ninth causes of action are time-barred.

### i. Unjust enrichment

In Nevada, the statute of limitations for an unjust enrichment claim is four years. Nev. Rev. Stat. § 11.190(2)(c); *Kahn v. Dodds (In re AMERCO Derivative Litig.)*, 252 P.3d 681, 703 (Nev. 2011). Accordingly, because plaintiff initiated this action more than four years after its claims accrued, the court will dismiss plaintiff's fifth claim for unjust enrichment.

### ii. Wrongful foreclosure

In its motion to dismiss, Red Rock contends that plaintiff's wrongful foreclosure claim is governed by NRS 11.190(3)(a)'s three-year statute of limitations on actions based "upon a liability created by statute, other than a penalty or forfeiture." (ECF No. 19 at 5). A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt. Servs.*, 129 Nev. 610, 616 (2013). NRS Chapter 116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here.

Plaintiff alleges that the HOA violated various provisions of NRS Chapter 116 when conducting this sale. (ECF No. 15 at 17–18). Plaintiff's wrongful-foreclosure claim is thus an "action upon a liability created by statute," and is therefore governed by the three-year statute of limitations set forth in NRS 11.190(3)(a). Therefore, plaintiff's sixth claim is time barred because it was not filed within three years of the foreclosure sale. Accordingly, the court will dismiss plaintiff's sixth claim.

### iii. Negligence

NRS 11.190(4)(e) provides that the statute of limitations for negligence claims is two years. Nev. Rev. Stat. § 11.190(4)(e). Therefore, plaintiff's seventh claim for negligence is time-barred and will be dismissed.

**James C. Mahan**
**U.S. District Judge**

- 7 -

### iv. Misrepresentation

Plaintiff does not specify whether it intended its ninth claim for "misrepresentation" to be pleaded as fraudulent misrepresentation or negligent misrepresentation. (ECF No. 15 at 21–22). However, in Nevada, "[t]he nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016).

Plaintiff alleges in its complaint that "[t]he HOA failed to exercise reasonable care or competence in purporting to foreclose on the superpriority lien despite the acceptance by the HOA Trustee of the payment of the superpriority portion of the lien. . ." (ECF No. 15 at 21). This "reasonable care" language satisfies one of the required elements for a claim of negligent misrepresentation under Nevada law. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441 (1998). Therefore, the court will construe plaintiff's ninth claim as one for negligent misrepresentation, and apply the three-year statute of limitations for such actions pursuant to NRS 11.190(3)(d).

Accordingly, plaintiff's ninth claim is time-barred and will be dismissed.

As a result of the foregoing, the only claims that remain are plaintiff's claims for quiet title and violation of Due Process pursuant to the Fifth and Fourteenth Amendments. These claims are the crux of plaintiff and defendant Flying Frog's cross-motions for summary judgment, which the court will now address.

### b. Plaintiff and defendant Flying Frog's cross-motions for summary judgment

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

NRS 116.3116 *et seq*. ("Chapter 116") of the Nevada Revised Statutes[2] allows an HOA to place a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Under NRS 116.3116(2), HOA liens have priority over other encumbrances. Nev. Rev. Stat. § 116.3116(2). However, some encumbrances are not subject to an HOA lien's priority, including "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

Chapter 116 then provides an exception to the subparagraph (2)(b) exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien with a non-judicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

NRS 116.31166(1) provides that when an HOA forecloses on a property pursuant to NRS 116.31164, the following recitals in the deed are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

---

[2] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[3] "The 'conclusive' recitals concern . . . all statutory prerequisites to a valid HOA lien foreclosure sale." *See Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016). Nevertheless, courts retain the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Here, the parties have provided the recorded notice of delinquent assessment, the recorded notice of default and election to sell, the recorded notice of foreclosure sale, and the recorded trustee's deed upon sale. *See* (ECF Nos. 15-8, 9, 14; 45-8, 10). Further, the recorded foreclosure deed contains the necessary recitals to establish compliance with NRS 116.31162 through NRS 116.31164. (ECF No. 15-14); *See id*. at 1112. Therefore, pursuant to NRS 116.31166 and the recorded foreclosure deed, the foreclosure sale was valid to the extent that it complied with NRS 116.31162 through NRS 116.31164.

While NRS 116.3116 accords certain deed recitals conclusive effect, it does not necessarily entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting that NRS 116.31166 defeats, as a matter of law, actions to quiet title). Thus, the question remains whether plaintiff has demonstrated sufficient grounds to justify setting aside the foreclosure sale. *See id.*

---

[3] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

Plaintiff argues that it is entitled to summary judgment on its quiet title and due process claims on four grounds: (1) the Ninth Circuit's holding in *Bourne Valley v. Wells Fargo Bank, N.A.* rendered NRS 116 facially unconstitutional; (2) plaintiff tendered a check for what it determined to be the superpriority portion of the HOA lien prior to the lien sale, thereby extinguishing the superpriority lien; (3) the property was sold in a commercially unreasonable manner; and (4) the HOA's CC&Rs preclude extinguishment of the first deed of trust. (ECF No. 46 at 2–3).

Defendant Flying Frog argues in its motion for summary judgment that it is entitled to summary judgment based on its satisfaction of the recitals provision pursuant to NRS 116.31166(1). (ECF No. 45 at 6). Flying Frog also presents arguments countering each of plaintiff's alleged grounds entitling it to summary judgment. *See* (ECF No. 45). The court will address each of these arguments in turn.

### i. The Bourne Valley *Decision – no Due Process violation*

Plaintiff argues that the court should grant its motion for summary judgment because, under *Bourne Valley*, the HOA foreclosed pursuant to a facially unconstitutional state statute. (ECF No. 46); *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). However, plaintiff's reliance on *Bourne Valley* is misguided.

In *Bourne Valley*, the Ninth Circuit held that Chapter 116 violated the Due Process Clause of the Fourteenth Amendment because it did not require a party foreclosing on a property to provide notice to a holder of any subordinate security interest. *Bourne Valley*, 832 F.3d at 1159. This conclusion was based on the interpretation that NRS 116.31168(1) did not incorporate NRS 107.090, which requires notice of default to any person with a subordinate security interest. *Id*.

When the Ninth Circuit ruled in *Bourne Valley*, there was no authority on the interpretation of NRS 116.31168(1). Left with the general doctrines of statute interpretation, the court declined to incorporate NRS 107.090 on the grounds that it would render NRS 116.31168(1) superfluous. *Id*. (citing *S. Nev. Homebuilders Ass'n v. Clark County*, 117 P.3d 171, 173 (2005)).

After the Ninth Circuit ruled in *Bourne Valley*, the Nevada Supreme Court provided its interpretation of NRS 166.3116 *et seq*, holding that NRS 116.31168(1) does incorporate NRS

James C. Mahan
U.S. District Judge

- 11 -

107.090. *SFR Invs. Pool 1, LLC, et al. v. The Bank of N.Y. Mellon*, No. 72931, 2018 WL 3655608, at *3 (Nev. Aug. 2, 2018) (expressly refuting *Bourne Valley*). Under this ruling, NRS § 116.31168(1) requires notice to subordinate interest holders and, thus, does not violate the Fourteenth Amendment. *Id*.

Both the Ninth Circuit and the Supreme Court have recognized, "a [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d, 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation."). Accordingly, this court will follow the Nevada Supreme Court's decision and hold that the HOA foreclosed on the property pursuant to a constitutional statute. As a result, plaintiff is not entitled to relief on these grounds.

### ii. BANA's tender

Plaintiff argues that the deed of trust still encumbers the property because Red Rock wrongfully rejected BANA's tender of the superpriority portion of the lien. (*Id*.). The court disagrees because BANA did not tender an amount sufficient to extinguish the HOA's superpriority lien.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411 (emphasis added); *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

Here, BANA presumed that the amount set forth in the accounting ledger from the HOA included more than the superpriority portion of the lien and that a lesser amount would be sufficient to preserve its interest in the property. *See generally, e.g.*, Nev. Rev. Stat. § 107.080; *see also*

Nev. Rev. Stat. § 40.430. Instead, BANA should have prevented the foreclosure sale by using available legal remedies—for example, seeking a temporary restraining order and/or preliminary injunction. *See* Nev. Rev. Stat. §§ 14.010, 40.060.

Now, after BANA neglected to take advantage of these remedies, plaintiff (which acquired all beneficial interest in the deed of trust after the foreclosure sale) now seeks to restore its deed of trust despite its predecessor's failure to follow the rules set forth in the statutes. *See Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105, 1114 n.7 (Nev. 2016) (citing *Barkley's Appeal. Bentley's Estate*, 2 Monag. 274, 277 (Pa. 1888)) ("[W]e can see no way of giving the petitioner the equitable relief she asks without doing great injustice to other innocent parties who would not have been in a position to be injured by such a decree as she asks if she had applied for relief at an earlier day.").

Accordingly, plaintiff's argument regarding tender does not entitle it to judgment as a matter of law.

### iii. Commercial reasonability

In plaintiff's motion for summary judgment, plaintiff concedes that the Nevada Supreme Court's decision in *Nationstar Mortgage, LLC vs. Saticoy Bay LLC Series 2227 Shadow Canyon*, ruled that purchase price alone is not sufficient to set aside a sale. (ECF No. 46 at 16). In *Shadow Wood*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is both a "grossly inadequate" sales price *and* "fraud, unfairness, or oppression." 366 P.3d at 1110 (emphasis added); *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016).

Here, plaintiff fails to set forth sufficient evidence to show fraud, unfairness, or oppression so as to justify the setting aside of the foreclosure sale. Plaintiff's argument focuses on the purchase price at the foreclosure sale combined with the HOA's refusal to accept plaintiff's tender. (ECF No. 46 at 16).

However, the court has already determined that the HOA's refusal to accept plaintiff's tender was proper. Without more, plaintiff fails to establish the required showing of "fraud,

unfairness, or oppression." Accordingly, plaintiff is not entitled to judgment as a matter of law based on this argument.

### iv. The HOA's CC&Rs

Lastly, plaintiff argues that it is entitled to summary judgment because the HOA's CC&Rs "specifically provide for the protection of first deeds of trust." (ECF No. 46 at 18). However, the Nevada Supreme Court has held that NRS 116.3116 defeats this argument. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014). In *SFR*, the Nevada Supreme Court held:

> Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as *expressly* provided in' Chapter 116. (Emphasis added.) "Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." *See 7912 Limbwood Court Trust*, 979 F. Supp. 2d at 1153; The mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case. *See Boulder Oaks Cmty. Assn v. B & J Andrews Enters., LLC*, 125 Nev. 397, 407, 215 P.3d 27, 34 (2009) (holding that a CC&Rs clause that created a statutorily prohibited voting class was void and unenforceable).

*Id.*

Therefore, plaintiff is not entitled to judgment as a matter of law based on this argument.

**IV.    Summary**

Both plaintiff and defendant Flying Frog have filed motions for summary judgment, which are now before the court. (ECF Nos. 45, 46). In addition, defendants Flying Frog and Red Rock have each filed separate motions to dismiss, which are also before the court. (ECF Nos. 19, 21).

After dismissing, *sua sponte*, plaintiff's declaratory relief, preliminary injunction, and negligence per se claims for failure to plead a recognized cause of action in this case, the court has hereby granted Red Rock's motion to dismiss with respect to plaintiff's fifth, sixth, seventh, and ninth causes of action. Lastly, the court has considered the relative merits of plaintiff and defendant Flying Frog's cross-motions for summary judgment with respect to plaintiff's remaining claims.

The court concludes that plaintiff is not entitled to relief on its remaining claims as a matter of law. The HOA conducted a valid lien sale on the property pursuant to NRS Chapter 116, thereby extinguishing plaintiff's deed of trust on the property. Moreover, plaintiff has not established any

other grounds to justify setting aside the foreclosure sale as a matter of law. Accordingly, the court will grant summary judgment in favor of defendant Flying Frog.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Flying Frog Avenue Trust's motion for summary judgment (ECF No. 45) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Prof-2013-S3 Legal Title Trust V's motion for summary judgment (ECF No. 46) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Red Rock Financial Services, LLC's motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED, in accordance with the foregoing.

IT IS FURTHER ORDERED that defendant Flying Frog Avenue Trust's motion to dismiss (ECF No. 21) be, and the same hereby is, DENIED as moot.

DATED September 19, 2018.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE